## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KELLY LATRICE OLIVER-GREEN,
                Appellant,

          v.

SOCIAL SECURITY
     ADMINISTRATION,
                Agency.

DOCKET NUMBER
PH-315H-21-0007-I-1

DATE: November 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kelly Latrice Oliver-Green</u>, Baltimore, Maryland, pro se.

<u>Lauren Donner Chait</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to expressly find that the appellant did not make a nonfrivolous allegation that she was an "employee" within the meaning of 5 U.S.C. § 7511(a)(1)(A). Except as expressly modified herein, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant began working for the agency as a Customer Service Representative effective March 29, 2020. Initial Appeal File (IAF), Tab 1 at 7. Her appointment was subject to a 1-year probationary period. *Id.* Two days after beginning her employment, the appellant executed a Declaration for Federal Employment Form 306 (OF-306), stating she had not been fired from a job during the last 5 years. IAF, Tab 1 at 7, Tab 6 at 24-25. She also completed a Questionnaire for Public Trust Positions (SF-85P), certifying that she had not been fired from a job in the last 7 years. IAF, Tab 1 at 7, Tab 6 at 27. On September 28, 2020, 7 months into her employment, the agency notified the appellant that she was being terminated for post-appointment reasons, effective immediately, because she failed to disclose on her OF-306 and SF-85P that she had been terminated from a position approximately 5 months before she commenced employment with the agency. IAF, Tab 1 at 7-10.

The appellant appealed her probationary termination to the Board. IAF, Tab 1. The administrative judge issued an acknowledgment order advising the appellant of her jurisdictional burden. IAF, Tab 2 at 1-5. The appellant did not file a response. The agency requested that the appeal be dismissed for lack of jurisdiction. IAF, Tab 6. The administrative judge subsequently issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID). In pertinent part, the administrative judge explicitly found that the Board lacked jurisdiction over the appeal because the appellant failed to make a nonfrivolous allegation that the termination was due to marital status discrimination or partisan political reasons. ID at 3-5. She also found that the termination did not involve pre-appointment conduct. ID at 4. The administrative judge noted that, in order to qualify as an "employee" with Board appeal rights pursuant to 5 U.S.C. chapter 75, an individual in the competitive service must show that she either is not serving a probationary period under an initial appointment or has completed 1 year of current continuous service under an appointment other than a temporary one limited to 1 year or less. ID at 2-3. The administrative judge acknowledged the appellant's statement that she only had 7 months of Federal service, and she appeared to implicitly find that the appellant did not make a nonfrivolous allegation of Board jurisdiction in this regard. ID at 2-5.

The appellant filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3. On petition for review, the appellant attaches three emails. PFR File, Tab 1 at 4-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). We affirm the administrative judge's explicit finding that the Board lacked jurisdiction over the appeal because

the appellant failed to make a nonfrivolous allegation that the termination was due to marital status discrimination or was based on partisan political reasons or pre-appointment conduct.

We modify the initial decision to supplement the administrative judge's analysis and explicitly find that the appellant did not make a nonfrivolous allegation that she was "employee" with appeal rights under 5 U.S.C. chapter 75. An individual in the competitive service must show that she is either not serving a probationary period under an initial appointment or has completed 1 year of current continuous service under an appointment other than a temporary one limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A); *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010). In her initial appeal, the appellant admits that she only had 7 months of Federal service at the time of her termination, she answered "yes" to the question of whether she was serving a "probationary, trial, or initial service period" at the time of the action, and she checked the box indicating that she was challenging a "[t]ermination during probationary or initial service period." IAF, Tab 1 at 1, 3. We conclude that the appellant has not made a nonfrivolous allegation that she has satisfied either prong of 5 U.S.C. § 7511(a) (1)(A).

On review, the appellant argues that she was "falsely terminated" and her "initial appeal statement was not taken into consideration." PFR File, Tab 1 at 3. We have considered the statements in her initial appeal.[2] However, the merits of the underlying termination are not relevant to the question of whether the Board has jurisdiction in this matter.

Regarding the three emails, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was

---

[2] Because none of the underlying facts are in dispute and the appellant has not made nonfrivolous allegations of jurisdiction, it was not error for the administrative judge to cite to the agency's submissions as background in the initial decision. *Cf. Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (noting that the administrative judge may not weigh evidence and resolve conflicting assertions of the parties based upon the agency's evidence).

unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). The appellant has not asserted that the emails were unavailable prior to the close of the record before the administrative judge. PFR File, Tab 1 at 3. Further, the documents are unreadable. *Id.* at 4-6. On June 9, 2021, the Board issued an order instructing the appellant to resubmit the documents in a readable format within 10 days of issuance, PFR File, Tab 4; however, the appellant did not respond or otherwise resubmit the emails. Therefore, the Board declines to consider the emails attached to the appellant's petition for review.

Based on the foregoing, we deny the petition for review and affirm the initial decision as expressly modified.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.